UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MYRON WILKERSON, SR., ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 3:11-cv-038-RLY-WGH | |
| ) | | |
| INDIANA STATE POLICE ) | | |
| DEPARTMENT, FLOYD COUNTY ) | | |
| SHERIFF'S DEPARTMENT, SHERIFF ) | | |
| DARRELL W. MILLS OF THE FLOYD ) | | |
| COUNTY SHERIFF'S DEPARTMENT, ) | | |
| and FEDERAL BUREAU OF ) | | |
| INVESTIGATION, ) | | |
| Defendants. ) | | |

**ENTRY ON FBI'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Myron Wilkerson, Sr., is an officer employed by the Indiana State Police Department ("ISP"). After he was removed from a wire-tap investigation and was subjected to an internal affairs investigation, Plaintiff filed a three-count Complaint against the ISP, the Floyd County Sheriff's Department, Sheriff Darrell W. Mills, and the Federal Bureau of Investigation ("FBI"), alleging (1) race discrimination; (2) retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission, and (3) denial of due process rights based upon the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983 ("Section 1983"). The FBI moves to dismiss, or in the alternative, moves for summary judgment. For the

1

reasons set forth below, the Motion is **GRANTED**.

The court first addresses Plaintiff's discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). While Title VII extends to discrimination in the federal workplace, the relevant statutory section provides that the action must be brought by a federal employee. *See* 42 U.S.C. § 2000e-16 ("All personnel actions affecting employees . . . in executive agencies . . . shall be free from any discrimination based on race, color, religion, sex, or national origin."); *see also Small v. Choa*, 398 F.3d 894, 897-98 (7th Cir. 2005) (affirming dismissal of employment discrimination claim against non-employer); *Moret v. Harvey*, 381 F.Supp.2d 458, 465 (D. Md. 2005) (holding that a "threshold requirement for imposing Title VII liability against the federal government is that the plaintiff be an 'employee' of the federal agency, and citing 42 U.S.C. § 2000e-16). Plaintiff's Complaint alleges that he is an employee of the ISP, not the FBI. Accordingly, Plaintiff's Title VII race discrimination and retaliations claims against the FBI must be dismissed.

This leaves for consideration Plaintiff's Section 1983 Fourteenth Amendment due process claim. As correctly argued by the FBI, the doctrine of sovereign immunity bars lawsuits "prosecuted against the United States," unless the United States has consented to be sued. *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264 (1821)); *Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987). Thus, in order to sue the United States in federal court, a party must "identify a statute that confers subject

matter jurisdiction on the district court" and "a federal law that waives the sovereign immunity of the United States to the cause of action." *Macklin v. United States*, 300 F.3d 814, 818 (7th Cir. 2002).

Here, Plaintiff cannot maintain his Section 1983 Fourteenth Amendment due process claim against the FBI because he cannot show any waiver of sovereign immunity to support his claims. Moreover, only "persons" may be sued for the deprivation of one's constitutional rights, and the FBI is not such a "person." *See* 42 U.S.C. § 1983 (providing that "[e]very person" who acts "under color of" state law to deprive another of constitutional rights shall be liable in a suit for damages); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970); *Hindes v. F.D.I.C.*, 137 F.3d 148, 159 (3d Cir. 1998) (holding that a federal agency is not a "person" subject to Section 1983 liability). Accordingly, the court must **GRANT** the FBI's Motion to Dismiss (Docket # 23).

**SO ORDERED** this  9th  day of December 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Laura Lee Bowker
INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

3

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Mark Kelly Phillips
MARK K. PHILLIPS, ATTORNEY AT LAW, P.C.
markphillipslawyer@yahoo.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Dawnya G. Taylor
DawnyaTaylorlawyer@sbcglobal.net